D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARTIN ROB CAGAN,

                     Plaintiff,

                  -against-

BRONEY GADMAN, ELIZABETH GADMAN,
BRONEY GARTLAND GADMAN, JR.,
MICHAEL GADMAN, RUTHANN GADMAN,
TONY BONVENTRE, BETTY CATALFO,
HOME PERFECTIONS, INC., BMD, INC.,
BGJR, INC., MORRIS EAGERMAN,
CHERIE A. GADMAN,

                     Defendants.
----------------------------------------------------------X

**ORDER**
08-CV-3710 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 28 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.     Introduction

On September 12, 2008, plaintiff Martin Rob Cagan ("plaintiff" or "Cagan"), appearing pro se, commenced this action against defendants Broney Gadman ("Broney Gadman"), Elizabeth Gadman, Broney Gartland Gadman, Jr., Michael Gadman, Ruthann Gadman, Tony Bonventre, Betty Catalfo, Home Perfections, Inc., BMD, Inc., BGJR, Inc., Morris Eagerman, Cherie A. Gadman (collectively, "defendants"), Fox Williams Solicitors, Mark Tasker, and Caroleen Vanhoomissen Phillips. [Docket Entry No. 1-2]. Plaintiff's seventy-five (75) page complaint asserts claims of fraud and civil conspiracy. See Complaint ("Compl.") [Docket Entry No. 1-2].

By order dated August 6, 2009, the Court granted motions to dismiss filed by former

1

defendants Fox Williams Solicitors, Mark Tasker, and Caroleen Vanhoomissen Phillips. [Docket Entry No. 77]. On April 21, 2010, the Court denied the remaining defendants' motion to dismiss. [Docket Entry No. 98].[1]

On June 9, 2010, plaintiff's motion for partial summary judgment was filed. [Docket Entry No. 101]. Plaintiff died that same day, [Docket Entry No. 104], and this action was administratively closed pending designation of Cagan's personal representative. [Docket Entry No. 111]. On or about October 27, 2010, a Florida court appointed Cagan's mother, Pearl Cagan, personal representative of his estate. [Docket Entry No. 112]. On February 3, 2011, the

---

[1] In their motion to dismiss, defendants argued principally that this Court lacked personal jurisdiction and that plaintiff's claims were barred by the doctrine of res judicata. [Docket Entry No. 87-2]. In its April 21, 2010 order, the Court rejected both arguments. On or about May 21, 2010, defendants served a "cross motion" for reconsideration of that order, arguing that the Court should address a claim that the applicable statute of limitations has expired, as well as the preclusive effect of an action that plaintiff had commenced in the United Kingdom, which issued a judgment against Broney Gadman in the sum of two hundred sixty seven thousand two hundred twenty eight pounds and eight pence (£267,228.08). The "cross motion" was not docketed separately, but included within the opposition to plaintiff's original motion for partial summary judgment on June 9, 2010. [See Docket Entry No. 101-4 at 26]. It was not renewed or re-filed after the case was reopened.

As an initial matter, the motion for reconsideration was untimely. See Local Civil Rule 6.3 (motions for reconsideration or reargument shall be served within fourteen (14) days of entry of Court's determination of motion). Moreover, the motion would also fail on its merits. First, defendants' statute of limitations argument does not identify a date on which plaintiff's claims accrued, and therefore the Court cannot conclude that plaintiff's fraud claim is barred by the six (6) year statute of limitations. See C.P.L.R. 213(8); Flores v. N.Y. City Human Resources Admin., No. 10 Civ. 02407, 2011 WL 3611340, at *3 (S.D.N.Y. Aug. 16, 2011) ("Since the statute of limitations is an affirmative defense, the Defendants bear the burden of proving that claims fall outside it."). Second, defendants have set forth virtually no argument on the issue of whether the British court's judgment should be granted preclusive effect, and thus have not provided any basis on which the Court can conclude that this action is barred by the doctrine of res judicata. See Thomas v. Bd. of Educ. of City School Dist. of City of N.Y., No. 09-CV-5167, 2011 WL 1225972, at *20 (E.D.N.Y. Mar. 29, 2011) (party asserting res judicata bears the burden of establishing it is entitled to relief).

2

Court granted plaintiff's motion to reopen this case. [Docket Entry No. 118].[2]

Before the Court is plaintiff's renewed motion for partial summary judgment. [Docket Entry No. 126]. For the reasons that follow, plaintiff's motion is denied at this time.

II.     Factual Background[3]

Cagan and Broney Gadman were principals and operators of the New York Bagel Company (the "New York Bagel Company"), a company formed under the laws of the United Kingdom. Plaintiff's Statement Pursuant to Local Rule 56.1 ("Pl. 56.1 Stat.") [Docket Entry No. 126-3] at ¶ 1. Broney Gadman owned approximately ninety percent (90%) of the company, while Cagan owned the remaining ten percent (10%). Id. at ¶ 2. The New York Bagel Company operated solely in the United Kingdom. Id. at ¶ 3.

In 2001, Cagan and Broney Gadman entered into an agreement to sell the New York Bagel Company to Maple Leaf Foods, Inc. for over six million British Pounds Sterling (£6,000,000). Id. at ¶ 4. As part of the sale, Cagan received approximately six hundred twenty five thousand British Pounds Sterling (£625,000). Id. at ¶ 5. Pursuant to a "Deed of Indemnity," Broney Gadman agreed to pay any tax that plaintiff was assessed in the United Kingdom as a result of the sale. Id. Funds were placed in a trust account as security for both Broney Gadman's

---

[2] For the sake of convenience, plaintiff's estate will be referred to herein as "plaintiff."

[3] The facts are construed in the light most favorable to defendants, as the non-moving parties. All factual ambiguities are resolved and all reasonable inferences are drawn in their favor. Capobianco v. City of N.Y., 422 F.3d 47, 50 n. 1 (2d Cir. 2005). However, since defendants have failed to respond to plaintiff's Rule 56.1 statement, the facts included therein are "deemed admitted." Gianullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003).

commitment to plaintiff and any claims by Maple Leaf Foods, Inc. ("Maple Leaf"). Id. at ¶ 6.

Approximately one (1) year after the sale of the New York Bagel Company, Broney Gadman sought Cagan's signature on a document authorizing the release of this money. Id. at ¶ 7. The document would have authorized the release of the funds to Cagan and Broney Gadman "in proportion to their ownership" of the New York Bagel Company. Id. at ¶ 8. Cagan protested to Broney Gadman that the funds should be held jointly by their attorneys until Cagan's United Kingdom tax liability was satisfied. Id. at ¶¶ 8-11. Broney Gadman requested that Cagan make the changes he believed to be necessary, then sign and return the document. Id. at ¶ 10. Cagan amended the document to specify that the funds were to be paid to an escrow account jointly held by both parties' attorneys. Id. at ¶ 11.

Broney Gadman subsequently forged Cagan's signature on the original authorization document and delivered it to Maple Leaf. Id. at ¶ 12. As a result, the retention funds were released to Broney Gadman and his attorneys. Id. at ¶ 13. Although Cagan later learned that he owed approximately three hundred thousand dollars ($300,000.00) in taxes to the United Kingdom, Broney Gadman did not pay Cagan's tax liability as agreed. Id. at ¶¶ 14-15. By August 2008, Cagan owed over seven hundred thousand dollars ($700,000.00), including interest and penalties. Id. at ¶ 16.

In connection with these actions, Broney Gadman was indicted in October 2003 on two (2) counts of wire fraud in the United States District Court for the District of Oregon. Id. at ¶ 17. In April 2006, pursuant to a plea agreement, Broney Gadman entered a plea of guilty to one (1) count of wire fraud, in violation of 18 U.S.C. § 1343. Id. at ¶ 18; see also Plaintiff's Exhibit C [Docket Entry No. 127-4] at 1. On October 14, 2008, he was sentenced to a term of twenty-one

(21) months' imprisonment and three (3) years of supervised release. Plaintiff's Exhibit D [Docket Entry No. 127-5]. Among his special conditions of supervision was a requirement that he pay restitution in the amount of one hundred twenty-five thousand dollars ($125,000.00) and that he "pay all outstanding liabilities to Inland Revenue on behalf of Martin Rob Cagan for taxes owed in the United Kingdom relating to the sale of the New York Bagel Company in 2001." Id.

In 2004, Cagan brought a civil suit in the High Court of Justice, Queen's Bench Division, Commercial Court in London, England against Broney Gadman and other defendants. Pl. 56.1 Stat. at ¶ 28. On April 30, 2004, that court entered a judgment in favor of Cagan for two hundred sixty seven thousand two hundred twenty eight pounds and eight pence (£267,228.08) for Broney Gadman's breach of the Deed of Indemnity. Id. at ¶ 29.

Plaintiff subsequently filed a complaint against Broney Gadman, Fox Williams Solicitors, and Mark Tasker in the United States District Court for the District of Oregon. The action was dismissed for lack of personal jurisdiction and pursuant to the doctrine of forum non-conveniens. [See Docket Entry No. 98 at 4-5.]

III.   Analysis

   A.   Summary Judgment Standard

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment

motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted).

An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required . . . to set forth specific facts showing that there is a genuine issue of material fact to be tried . . . . If the nonmoving party does not so respond, summary judgment will be entered against him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . , or upon the mere allegations or denials of the [nonmoving] party's pleading." Id. (internal quotation marks and citations omitted).

B. Fraud

First, plaintiff seeks summary judgment with respect to his fraud claim, arguing that

6

Broney Gadman's plea of guilty to the criminal charge is sufficient to establish his liability. "Under New York law, for a plaintiff to prevail on a claim of fraud, he must prove five elements by clear and convincing evidence: (1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2d Cir. 1997).[4] "Under New York law, damages for claims of fraud and fraudulent inducement are subject to the 'out-of-pocket rule,' which confines plaintiffs to recovering losses actually sustained instead of expected profits." Virola v. XO Commc'ns, Inc., No. 05-CV-5056, 2008 WL 1766601, at *15 (E.D.N.Y. Apr. 15, 2008); see also Schonfeld v. Hilliard, 218 F.3d 164, 183 (2d Cir. 2000) ("Under New York law, the measure of damages for fraud is governed by the 'out-of-pocket' rule . . . .").

A litigant in a civil action "may assert collateral estoppel based on a criminal conviction," Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 43 (2d Cir. 1986) (citing United States v. Frank, 494 F.2d 145, 160 (2d Cir. 1974)), and the "criminal defendant is barred from relitigating any issue determined adversely to him in the criminal proceeding, provided that he had a full and fair opportunity to litigate the issue," id. (citations omitted). "Federal criminal convictions have a collateral estoppel effect in federal civil cases where: (1) the issues in both proceedings are identical, (2) the issues in the prior proceeding were actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues

---

[4] It is unclear whether New York law applies to this case, and it appears that neither party has addressed this issue. See generally Docket Entry No. 101-3 at 25-28 (noting that Broney Gadman faxed the document at issue from Florida to Cagan in Oregon). The Court will defer a decision on this issue to a later date, but will rely on New York law for the purposes of this motion.

7

previously litigated were necessary to support a valid and final judgment on the merits." Samirah & Enung v. Sabhnani, No. 08-CV-2970, 2010 WL 2629770, at *2 (E.D.N.Y. June 28, 2010) (citing Gelb, 798 F.2d at 44).

Defendants do not dispute that Broney Gadman pleaded guilty to one (1) count of wire fraud in the United States District Court for the District of Oregon. However, they argue that plaintiff's motion should be denied because Broney Gadman has already paid plaintiff's tax liability in full. Affidavit of Broney Gadman [Docket Entry No. 101-4 at 27-28] at ¶ 4 ("[P]laintiff's full tax liability has been paid, after an audit and review by the British authorities in an amount of approximately $125,000 to $130,000.") In other words, defendants claim that plaintiff has not suffered any damages, and that this action is therefore moot. See Declaration of Reynold A. Mauro [Docket Entry No. 125] at ¶¶ 6-9.

In support of this argument, plaintiff has submitted a letter from HM Revenue & Customs, dated January 14, 2009, stating that it "has accepted the sum of £80,000 in full and final settlement of Mr Cagan's SA liability for 2001/02." Id. at Appx. A. Plaintiff has also submitted a letter from what appears to be an accounting firm located in the United Kingdom, stating that "the matter has been concluded and [] no further demands will be issued for the year 2001/02." Id. at Appx. B. Counsel states in an affidavit that "all of the obligations of the defendant that were set forth in the judgment and plea agreement that resulted from the criminal proceeding . . . have been paid and satisfied." Id. at ¶ 8.

Of course, "damages are an essential element of a fraud claim under New York law." Abernathy-Thomas Engineering Co. v. Pall Corp., 103 F.Supp.2d 582, 599 (E.D.N.Y. 2000). Defendants' affidavits and exhibits are sufficient to create triable issues of fact as to whether

plaintiff has sustained any damages as a result of Broney Gadman's actions. Although plaintiff dismisses these affidavits as "irrelevant," he fails to present any evidence of his damages. Accordingly, plaintiff's motion for summary judgment as to the fraud claim is denied at this time.

### C. Civil Conspiracy

Second, plaintiff seeks summary judgment as to his conspiracy claim, arguing that "[Broney] Gadman not only defrauded [p]laintiff but also secreted monies amongst family members[] in order to shield assets from creditors such as [p]laintiff." Plaintiff's Motion for Summary Judgment [Docket Entry No. 126-2] at 3.

"Proof of a civil conspiracy under New York law connect[s] a defendant with the transaction[,] . . . charge[s] him with the acts and declarations of his co-conspirators, and exposes that defendant to joint and several liability for the victim's losses." Kashi v. Gratsos, 790 F.2d 1050, 1054-55 (2d Cir. 1986) (internal quotation marks and citations omitted). To establish a claim for civil conspiracy to defraud, plaintiff must demonstrate the primary tort and also show the elements of a conspiracy: "(1) a corrupt agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." Fezzani v. Bear, Stearns & Co. Inc., 592 F.Supp.2d 410, 423 (S.D.N.Y. 2008) (quoting Best Cellars Inc. v. Grape Finds at Dupont, Inc., 90 F.Supp.2d 431, 446 (S.D.N.Y. 2000)); see also Kashi, 790 F.2d at 1055. "Under New York law, there is no independent tort for conspiracy. All that an allegation of conspiracy can accomplish is to connect non-actors, who otherwise might escape liability, with the acts of their

coconspirators." IMG Frangrance Brands, LLC v. Houbigant, Inc., 759 F.Supp.2d 363, 386 (S.D.N.Y. 2010) (internal citation omitted). "Given that civil conspiracy is not an independent tort, it cannot have its own independent measure of damages; any damages attributable to plaintiff's conspiracy claim exists only *within* those damages that may be assessed for fraud." Hoeffner v. Orrick, Herrington & Sutcliffe LLP, 85 A.D.3d 457, 458, 924 N.Y.S.2d 376, 377-78 (1st Dep't 2011) (emphasis in original).

As discussed above, plaintiff has not demonstrated that he is entitled to summary judgment on his underlying fraud claim. Moreover, plaintiff's claims that Broney Gadman "asserted control over a million dollar property" registered in the name of his son and funded an escrow account with "family funds" are insufficient to establish any of the elements of civil conspiracy or to hold any other defendants liable for Broney Gadman's fraud. Thus, summary judgment is also denied with respect to this claim.

III. Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is denied. Counsel for all remaining parties shall appear before the Court on **Wednesday, April 11, 2012 at 11:15 a.m.**, at which time plaintiff's counsel shall be prepared to present evidence and/or testimony sufficient to establish the existence of, and extent of, plaintiff's damages resulting from the fraudulent acts at issue in this case.

**SO ORDERED.**

                                                  s/ Sandra J. Feuerstein

                                                  Sandra J. Feuerstein
                                                  United States District Judge

Dated:        March 28, 2012
                Central Islip, New York